Victoria L. Weatherford (SBN 267499) **BAKER & HOSTETLER LLP** 600 Montgomery Street, Suite 3100 San Francisco, California 94111
Telephone:  415.659.2600
Facsimile:  415.659.2601
Email:      *vweatherford@bakerlaw.com*

Alexis B. Cruz (SBN 312842)
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard
Los Angeles, California 90025
Telephone:  310.820.8800
Facsimile:  310.820.8859
Email:      *acruz@bakerlaw.com*

*Attorneys for Defendant*
ROSEBURG FOREST PRODUCTS CO.

# IN THE UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| NICHOLE HAMMOND; SHAYNE HAMMOND; KALEB HAMMOND; C.H., a minor, by and through Guardian *ad Litem* NICHOLE HAMMOND; and S.H. a minor, by and through Guardian *ad Litem* NICHOLE HAMMOND,<br><br>          Plaintiffs,<br><br>     v.<br><br>ROSEBURG FOREST PRODUCTS CO., a corporation; and DOES 1 THROUGH 100, inclusive,<br><br>          Defendants. | CASE NO.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[*Filed concurrently with Declaration of Victoria L. Weatherford, Esq.; Request for Judicial Notice; Civil Cover Sheet; Corporate Disclosure Statement; and Notice of Pendency of Other Action or Proceeding*] |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and all other applicable bases for removal, Defendant ROSEBURG FOREST PRODUCTS CO. ("Roseburg") removes the action filed by Plaintiffs NICHOLE HAMMOND, SHAYNE HAMMOND, KALEB HAMMOND, C.H. a minor, by and through Guardian *ad Litem* NICHOLE HAMMOND, and S.H., a minor, by and through Guardian *ad Litem* NICHOLE HAMMOND (collectively, "Plaintiffs"), in the Superior Court of the State of California, in and for the County of Sacramento, entitled *Nichole Hammond, Shayne Hammond, Kaleb Hammond, C.H., a minor, by and through Guardian ad Litem Nichole Hammond, and S.H., a minor, by and through Guardian ad Litem Nichole Hammond v. Roseburg Forest Products Co. and Does 1 through 100, inclusive*, Case No. 34-2022-00326413 ("State Court Action"), to the United States District Court for the Eastern District of California ("Notice").

## JURISDICTION

1.     This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332.  Removal is proper under 28 U.S.C. §§ 1441 and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## VENUE

2.     This Court is in the judicial district and division embracing the place where Plaintiffs filed the State Court Action and where it is pending.  Specifically, the United States District Court for the Eastern District of California embraces Sacramento County, California, which is where Plaintiffs filed the State Court Action and where it is pending.  Thus, this Court is the district court to which this case is properly removed.  28 U.S.C. §§ 1441(a)-(b) and 1446(a).

## PROCEDURAL BACKGROUND

3.     On September 8, 2022, Plaintiffs filed the State Court Action as an unlimited civil action in the Superior Court of the State of California, in and for the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

unlimited civil action in the Superior Court of the State of California, in and for the County of Sacramento.

4.     As of the filing of this Notice, Plaintiffs have not served the Summons, Complaint, or related state court documents on Roseburg.

5.     Pursuant to 28 U.S.C. § 1446(a), there are no copies of the process, pleadings, and orders served on Roseburg in the State Court Action to attach hereto. For purposes of this Notice, a true and correct copy of Plaintiffs' Complaint, which Roseburg obtained from the state court on or about September 9, 2022, is attached hereto as **Exhibit A**.

6.     Roseburg has not responded or otherwise appeared in the State Court Action.

7.     Roseburg is informed and believes that Plaintiffs have not amended their Complaint by substituting the true names for any Doe Defendants.

**TIMELINESS OF REMOVAL**

8.     Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Roseburg has not been served—and is in any event filing this Notice within 30 days of learning of Plaintiffs' Complaint and the resulting State Court Action.

**DIVERSITY OF CITIZENSHIP**

9.     Plaintiffs' Citizenship.  For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is prima facie evidence of domicile.  *See*, *e.g.*, *D.C. v. Murphy*, 314 U.S. 441, 455 (1941); *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Barbosa v. Transport Drivers, Inc.*, No. ED CV15-1834-DMG (DTBx), 2015 WL 9272828 at *2 (C.D. Cal. Dec. 18, 2015).  And a defendant may rely on the presumption of continuing domicile.  *Ali v. Setton Pistachio of Terra Bella Inc.*, No. 119CV00959NONEBAM, 2021 WL 389659 at *3 (E.D. Cal. Feb. 4, 2021), *report and recommendation adopted*, No. 119CV00959NONEBAM, 2021 WL 1187264 (E.D. Cal. Mar. 30, 2021).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10.     As alleged in the Complaint, Plaintiffs' home is located in Siskiyou County, which is in the State of California. (*See* Complaint ("Compl."), ¶¶ 10,13-16, 21, 37, 49.)  Public records show the address of Plaintiffs' home is 5601 Palmer Drive, Weed, California 96094.  Roseburg is informed and believes, and thereon alleges, that Plaintiffs intend to indefinitely remain living continuously in California, and that their domicile is presently in California. *See Ali*, 2021 WL 389659 at *3. Accordingly, for purposes of diversity jurisdiction, Plaintiffs are citizens of California.

11.     Roseburg's Citizenship.     Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court has concluded that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," or its "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  "[I]n practice," a corporation's "nerve center" should "normally be the place where the corporation maintains its headquarters." *Id*. at 93.

12.     At the time Plaintiffs filed the State Court Action, Roseburg was, and as of the filing of this Notice still is, a corporation formed in and incorporated under the laws of the State of Oregon.  Pursuant to the *Hertz* nerve-center test, Roseburg's principal place of business is Springfield, Oregon.  (*See* Declaration of Victoria L. Weatherford, Esq., ¶¶ 2-3; *see also* Request for Judicial Notice, ¶¶ 1-2.)  Roseburg's corporate headquarters are located at 3660 Gateway Street, Springfield, Oregon 97477.  (*See id.*)  In addition, the majority of Roseburg's officers direct, control, and coordinate its corporate activities from that same location—3660 Gateway Street, Springfield, Oregon 97477.  (*See id.*)   Accordingly, for purposes of diversity jurisdiction, Roseburg is a citizen of Oregon.

13.     Doe Defendants.     Although Plaintiffs have also named fictitious Defendants, "[f]or purposes of removal under this chapter, the citizenship of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

defendants sued under fictitious names shall be disregarded."  28 U.S.C. § 1441(a); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (finding unnamed defendants are not required to join in a removal petition).   Thus, the existence of "Doe" Defendants does not deprive this Court of jurisdiction.

14.   <u>Complete Diversity Exists Here</u>.   Complete diversity of citizenship exists under 28 U.S.C. §§ 1332 because Plaintiffs are citizens of the State of California, on the one hand, and Roseburg is a citizen of the State of Oregon, on the other.

## AMOUNT IN CONTROVERSY

15.   A defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the grounds that the amount in controversy exceeds $75,000, exclusive of interest and costs, even when the plaintiff fails to set forth any specific damage amount.  *Cohn v. PetsMart, Inc.*, 281 F.3d 837, 839-40 (9th Cir. 2002); *Lenau v. Bank of Am., N.A.*, 131 F. Supp. 3d 1003, 1005 (E.D. Cal. 2015).   The amount in controversy is determined by the operative complaint at the time of removal, and encompasses all relief a court may grant if the plaintiff is victorious.   *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-415 (9th Cir. 2018).

16.   A removing defendant need only establish, according to the lenient preponderance of the evidence standard, that the amount in controversy exceeds $75,000.  28 U.S.C. §§ 1332(a), 1446(c)(2)(B); *Cohn,* 281 F.3d at 839.  "As specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; the notice need not contain evidentiary submissions.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88-89 (2014) ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").   Furthermore, it is an abuse of discretion for a district court to *sua sponte* remand a case back to state court without first giving the removing defendant an opportunity to show that the jurisdictional requirements are met.  *Acad.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

17.     Plaintiffs' Complaint asserts causes of action for Trespass, Negligence, Private Nuisance, and Public Nuisance in connection with the Mill Fire that occurred on September 2, 2022 in Weed, California.  (*See*, *generally*, Compl.)  Plaintiffs seek recovery of an unspecified amount over $25,000 for (i) "[g]eneral and/or special damages determined on an individual basis according to proof," (ii) "[l]oss of use, benefit goodwill and enjoyment of Plaintiffs' real and/or personal property," (iii) "[l]oss of wages, earning capacity, goodwill, and/or business profits or proceeds and/or any related displacement expenses," (iv) "[e]vacuation expenses and alternative living expenses," (v) "[e]rosion damage to real property," (vi) "[p]ast and future medical expenses and incidental expenses," (vii) "[d]amages for personal injury, emotion distress, fear, annoyance, disturbance, inconvenience, mental anguish, and loss of quiet enjoyment of property," (viii) "[a]ttorneys' fees, expert fees, consultant fees, and litigation costs and expenses as allowed under applicable law," (ix) "[p]rejudgment interest," (x) "punitive and exemplary damages" as allowed under "Public Utilities Code § 2106 and all other applicable law," and (xi) "[a]ny and all other and further such relief as the Court shall deem proper, all according to proof."  (*Id.* at Prayer for Relief.)

18.     Further, Plaintiffs allege that their damages "greatly exceed the jurisdictional minimum of this Court."  (Compl., ¶ 8.)

19.     Without conceding that Plaintiffs are entitled to or could recover damages in the amount or manner alleged, or at all, it is facially apparent from Plaintiffs' Complaint that the amount placed in controversy by their claims exceeds $75,000, exclusive of interest and costs.[1]

20.     <u>Real Property Damage</u>.  In their Complaint, Plaintiffs seek to recover

---

[1] This Notice does not concede and should not be construed as evidence that Roseburg violated Plaintiffs' legal rights.  The argument and the calculations of potential damages presented here are based on the allegations in the Complaint and solely for purposes of this Notice.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

for damage to their real property.  (Compl., Prayer for Relief.)  Repair or replacement damages are considered in the amount in controversy.  *See*, *e.g.*, *Stone v. Travelers Prop. Cas. Ins. Co.*, No. 115CV01411LJOSMS, 2015 WL 7430563 at *1-2 (E.D. Cal. Nov. 23, 2015); *see also Chavez*, 888 F.3d at 414-415.  Plaintiffs do not specify an amount for these damages, but for purposes of this analysis only, Roseburg conservatively estimates the cost to repair Plaintiffs' property at **$234,135**.  This figure is reasonably based on: (1) the Siskiyou County Assessor's assessment of Plaintiffs' home in 2020; (2) CalFire's designation of Plaintiffs' home as "Destroyed (>50%)" on the County of Siskiyou's website; and (3) information and belief that Plaintiffs' home was completely destroyed.[2]

21.   <u>Lost Use of Real Property</u>.   In their Complaint, Plaintiffs seek to recover damages for loss of use of their real property.  (Compl., Prayer for Relief.)  Lost-use damages are approximately considered in determining an amount in controversy.  *See*, *e.g.*, *Lizza v. Deutsche Bank Nat. Tr. Co.*, No. CIV. 13-00190 HG-BMK, 2013 WL 5376036 at *5-6 (D. Haw. Sept. 24, 2013); *see also Chavez*, 888 F.3d at 414-415.  Plaintiffs do not specify an amount for these damages, but for purposes of this analysis only, Roseburg conservatively estimates lost use of Plaintiffs' real property at **$29,900**.  Damages for lost use of real property are measured by the fair market rental value, which is determined by looking to the monthly rents of other comparable properties in the same area.  *Lizza*, 2013 WL 5376036 at *5.   Accordingly, Roseburg's figure is based on: (1) Zillow's rent estimate of $2,300 per month, which is calculated using public property data and similar local properties listed for rent; and (2) the United States Census Bureau's estimate that a majority of owner-built houses in the West took 13 months or more to complete in 2021 ($2,300 x 13 months in which Plaintiffs could have been using their

---

[2] *See 5601 Palmer Dr, Weed, CA 96094*, Realator.Com (Oct. 5, 2022, at 11:09 AM), https://www.realtor.com/realestateandhomes-detail/M2157474403;   *see also Mill/Mountain Fire Structure Status*, Siskiyou County California (Sept. 30, 2022, at 3:55 PM), available at https://www.co.siskiyou.ca.us/emergencyservices/page/mill-and-mountain-fire-information.

Baker & Hostetler LLP
Attorneys at Law
San Francisco

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1  property = $29,900).[3]

2      22.   <u>Emotional Distress</u>.  In their Complaint, Plaintiffs each seek to recover

3  damages for emotional distress.  (Compl., Prayer for Relief.)  Plaintiffs do not specify

4  an amount for these damages, but for purposes of this analysis only, Roseburg

5  conservatively estimates Plaintiffs' emotional distress at **$125,000** ($25,000 x 5

6  Plaintiffs).  This is a reasonable estimation in light of the value California juries have

7  awarded for emotional distress damages in fire cases involving a negligence claim.

8  *See e.g., Aarestad v. Shuwa Management Corp., et al.*, JVR No. 371689 (Jun. 1,

9  1999) (awarding $43,580 in fire case wherein plaintiff's secondary injury was

10 emotional distress from defendants' alleged negligence); *McQueen v. Golden Bear*

11 *Distribution Inc.*, 4 Trials Digest 10th 19 (Jul. 30, 2002) (awarding $75,000 in fire

12 case wherein one of plaintiff's injuries was emotional distress from defendant's

13 alleged negligence); *Killian v. Wheaton Van Lines, Inc.*, JVR No. 103620 (Apr. 1,

14 1992) (awarding $33,500 in fire case wherein plaintiff's primary injury was

15 emotional distress from defendant's alleged negligence that destroyed belongings of

16 plaintiff's deceased daughter at storage facility).

17     23.   <u>Total Amount in Controversy</u>.  Based solely on the claims considered

18 above, the amount in controversy, conservatively estimated, is *at least* **$367,347**.

19 This showing as to the amount in controversy satisfies the standard for removal.  *See*

20 *Dart Cherokee*, 574 U.S. at 81 ("[A] defendant's notice of removal need include only

21 a plausible allegation that the amount in controversy exceeds the jurisdictional

22 threshold; the notice need not contain evidentiary submissions.").  A summary of the

23 amount in controversy discussed above is as follows:

24     24.

25

26 ――――――――――――――――
   [3] *See 1187 Tent Ave, Weed, CA 96094*, Zillow (Sept. 30, 2022, at 10:26 AM),
27 https://www.zillow.com/homes/1187-Tent-Ave-Weed,-CA-
   96094_rb/15981861_zpid/; *see also Percent Distribution of New Privately Owned*
28 *Residential Buildings Completed*, United States Census Bureau, downloadable at
   URL https://www.census.gov/construction/nrc/lengthoftime.html.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| Claim for Damages | Amount in Controversy |
|---|---|
| Real Property Damage: | $212,447 |
| Lost Use of Real Property: | $29,900 |
| Emotional Distress: | $125,000 |
| **TOTAL:** | **$367,347** |

25.    <u>Amount in Controversy for Remaining Claims.</u>    The amount in controversy exceeds $75,000, even without considering the remaining damages alleged in Plaintiffs' Complaint, which are many.  (*See* Compl., Prayer for Relief.) Even though Roseburg has not assigned any particular amounts to these claims, assignment of any sum only further increases the amount in controversy in excess of $75,000.

26.    It is facially apparent from the Complaint allegations that the amount in controversy exceeds $75,000, exclusive of costs and interest, which is needed to meet the amount-in-controversy requirement.  *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

## REMOVAL IS APPROPRIATE HERE

27.    Because there is diversity of citizenship between Plaintiffs, on the one hand, and Roseburg, on the other hand, and because Plaintiffs seek damages in excess of the $75,000 jurisdictional threshold, Roseburg may remove this action pursuant to 28 U.S.C. §§ 1332 and 1441(b).

## CONSENT TO REMOVAL

28.    Pursuant to 28 U.S.C. § 1446, all Defendants properly joined consent to the removal of the State Court Action to this Court.

## NOTICE TO INTERESTED PARTIES

29.    Pursuant to Federal Rule of Civil Procedure 7.1, Roseburg is filing a Corporate Disclosure Statement concurrently with this Notice.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# NOTICE

30.     As required by 28 U.S.C. § 1446(d), Roseburg is providing written notice of the filing of this Notice to Plaintiffs and is filing a copy of this Notice with the Clerk of the Superior Court of the State of California, in and for the county of Sacramento.


Dated:  October 5, 2022              **BAKER & HOSTETLER LLP**


                                     By:    */s/ Victoria L. Weatherford*
                                            Victoria L. Weatherford
                                            Alexis B. Cruz


                                     *Attorneys for Defendant*
                                     ROSEBURG FOREST PRODUCTS CO.

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBIT A

1

**FRANTZ LAW GROUP, APLC**
James P. Frantz, Esq., SBN. 87492

2

jfrantz@frantzlawgroup.com
M. Regina Bagdasarian, Esq., SBN. 296219

3

regina@frantzlawgroup.com
George T. Stiefel Esq., SBN. 297611

4

gstiefel@frantzlawgroup.com
C. Nikki Morris, Esq., SBN 344141

5

nmorris@frantzlawgroup.com

6

770 L Street, Suite 950
Sacramento, CA 95814

7

Ph: (916) 492-6059

8

9

Attorneys for Plaintiffs

10

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11

12

**FOR THE COUNTY OF SACRAMENTO**

13

14

NICHOLE HAMMOND;

Case No.

15

SHAYNE HAMMOND;
KALEB HAMMOND;

16

CIARRA HAMMOND, a minor, by and
through Guardian ad Litem NICHOLE

**COMPLAINT FOR DAMAGES:**

17

HAMMOND; and
SHAYNE HAMMOND JR., a minor, by and

1. TRESPASS
2. NEGLIGENCE (INCLUDING
   VIOLATIONS OF PUBLIC

18

through Guardian ad Litem NICHOLE
HAMMOND

RESOURCES CODE)

19

3. PRIVATE NUISANCE
4. PUBLIC NUISANCE

20

Plaintiffs,
vs.

**PUNITIVE DAMAGES
DEMANDED**

21

22

ROSEBURG FOREST PRODUCTS CO., a
corporation; and

**DEMAND FOR JURY TRIAL**

23

DOES 1 THROUGH 100, inclusive,

24

Defendants.

25

26

Plaintiffs, by and through the above-captioned attorneys, hereby allege, on information and

27

belief, for causes of action against Defendants state as follows:

28

1

**INTRODUCTION**

1.       On or about September 2, 2022, the "Mill Fire" erupted in the City of Weed, California.  To date, the Mill Fire has destroyed nearly 4,000 acres and over 100 structures.  The fire has also resulted in multiple fatalities.

2.       Based on information and belief, the Mill Fire ignited as a result of the actions and inactions of Defendant Roseburg Forest Products Co. at its veneer mill situated in the City of Weed, County of Siskiyou, State of California.

3.       Defendants knew that Siskiyou County is an area highly susceptible to catastrophic fires, having experienced the destruction of the Slater Fire in September of 2020 and the very recent McKinney Fire.

4.       Defendants were well aware of the hazards of the operations for many years. Despite the knowledge of a substantial fire risk, Defendants ignored the hazards and continued to engage in dangerous practices.

5.       Ignition of the Mill Fire was due to actions and inactions of Defendants at the veneer mill in Weed, California.  At the mill, Defendants produces its own electric power in a co-generation facility fueled by wood remnants. The generator ejects ash after consuming the wood. The ash is still combustible and/or capable of starting a fire if not property handled.

6.       Upon information and belief, Defendants failed to handle, cool, control and maintain this waste ash and the hot ash ignited the Mill Fire.

7.       The Mill Fire was avoidable had Defendants complied with the standard of care in inspecting, repairing, and maintaining its operations.

**PARTIES, JURISDICTION AND VENUE**

8.       This Court, as a court of general jurisdiction, has subject-matter jurisdiction over this unlimited civil case and personal jurisdiction over each Defendant. Plaintiffs damages asserted greatly exceed the jurisdictional minimum of this Court.

9.       At all relevant times, Defendant ROSEBURG FOREST PRODUCTS CO. is a cooperation operating the subject veneer mill in the State of California.

2

1       10.    Plaintiffs sustained damages in the State of California to their homes,

2  property and/or body and emotional health and strength.

3       11.    The true names and capacities of Defendants sued as DOES 1-100, inclusive, are

4  presently unknown to Plaintiffs who, therefore, sues these Defendants by such fictitious names

5  pursuant to Code of Civil Procedure §474.  The full extent of the facts linking such fictitiously sued

6  Defendants is unknown to Plaintiffs. Plaintiffs are informed and believe, based thereon allege, that

7  each Defendant designated as a DOE was, and is, negligently, or in some other actionable manner,

8  responsible in some manner for the injuries and events alleged, and thereby negligently, or in some

9  other actionable manner, legally and proximately caused the described injuries and damages alleged

10  by Plaintiffs, and are jointly and severally liable to Plaintiffs. Plaintiffs will seek leave of Court to

11  amend this pleading to state the true names and capacities of such fictitiously named Defendants

12  once ascertained.

13       12.    At all times relevant, each of the Defendants, including DOES 1-100, were the

14  representative, agent, servant, employee, alter ego, and/or joint venturer of each of the remaining

15  Defendants; and in doing the things alleged was at all times acting within the course and scope of

16  said capacity, and in doing the things alleged was at all times acting within the course and scope of

17  said agency and employment, and each Defendant has ratified and approved the acts of the

18  remaining Defendants.

19                     **GENERAL ALLEGATIONS**

20       13.    On or about September 2, 2022, the Mill Fire ignited on Defendants' property in

21  Siskiyou County.

22       14.    Siskiyou County is, and historically has been, categorized as a "Very High Fire

23  Hazard Severity Zone" ("VHFHSZ") by Cal Fire. These zones identify an area's likelihood of

24  burning based on its physical conditions. These attributes include fuels, terrain, weather, and other

25  relevant factors. The zones are essential in analyzing how to decrease the fire risk. Additionally,

26  the High Fire Threat Districts established by the California Public Utilities Commission have

27  designated Siskiyou County as Tier 2 - Elevated and Tier 3 – Extreme.

28                           3

15. Prior to the Mill Fire, Defendants were aware that Siskiyou County was an area extremely susceptible to an uncontrollable due to its topography, attributes, and history of fires. Less than two years ago, the Slater Fire devastated the area.

16. Defendants were also aware of a high risk of an uncontrollable fire at the time of the Mill Fire due to the existing conditions and circumstances. About 1 month prior to the Mill Fire, the McKinney Fire erupted in Siskiyou County.

17. The alleged failures and shortcomings result from Defendants' negligence and conscious disregard for the safety of the communities it serves to prioritize profits. These failures and shortcomings resulted in the ignition of the well-known tinder-like dry vegetation in Siskiyou County.

18. Plaintiffs are informed and believe, and thereon allege, that the Mill Fire ignited because Defendants negligently, recklessly, and willfully failed to prudently and safely maintain its facility and operations in Weed, California. Defendants' failure to operate, use, control, inspect, repair, and/or maintain its facility and the surrounding environment caused the Mill Fire to ignite.

19. The Mill Fire caused Plaintiffs to suffer substantial economic and non-economic harms, including, but not limited to: damage to and/or destruction of real and personal property, including cherished possessions; loss of use and quiet enjoyment of real and personal property; out-of-pocket expenses directly and proximately incurred as a result of the fire; alternative living expenses; evacuation expenses; personal injuries; medical bills; lost wages; loss of earning capacity; loss of business income and/or goodwill; and various types of emotional distress, discomfort, annoyance, inconvenience, anxiety, fear, stress, and mental anguish. The harms caused by the Defendants are extensive and ongoing.

## FIRST CAUSE OF ACTION

### TRESPASS

### (Against all Defendants)

20. Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

4

21.     At all times relevant, Plaintiffs were the owners and/or lawful occupiers of real property damaged by the Mill Fire.

22.     Defendants' negligent and/or reckless acts and/or omissions caused the Mill Fire to ignite and spread onto the Plaintiffs' property, resulting in damage to the Plaintiffs' property.

23.     Plaintiffs did not grant permission for the Mill Fire to enter their properties.

24.     As a factual and legal cause of the trespass, Plaintiffs have suffered, and continue to, economic and non-economic damages including, but not limited to, destruction of and/or damage to real and personal property, loss of use and enjoyment of real and personal property, discomfort, inconvenience, anxiety, fear, annoyance, mental anguish, and stress in an amount to be determined, on an individual basis, according to proof at trial.

25.     Defendants' conduct was despicable falling within both malicious and oppressive definitions of California Civil Code §3294. Defendants' conduct evidences a willful and conscious disregard for the rights and safety of others and subjected Plaintiffs to cruel and unjust hardship. Punitive and exemplary damages must punish Defendants according to proof pursuant §3294. Defendants have a history of despicable conduct, deliberately prioritizing profits over the rights and safety of the public, resulting in catastrophic uncontrollable fire, including the Mill Fire.

## SECOND CAUSE OF ACTION

### NEGLIGENCE

**(Against all Defendants)**

26.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

27.     Defendants had a duty to apply a level of care commensurate with and proportionate to the inherent dangers in designing, engineering, constructing, operating, inspecting, and maintaining the subject mill.

28.     Defendants had a duty to vigilantly oversee the operation, inspection, repair, and maintenance of the mill and its local environment in consideration of geography and changing weather and ecologic conditions. This duty required Defendants to take special precautions to

5

protect adjoining properties from uncontrollable fires caused by its actions and inactions.

29.     Under Public Resources Code section 4437, every processor of forest products shall exercise due diligence in the disposal of flammable material incident to the processing, so that the material does not cause the inception or spread of uncontrolled fire.  Additionally, every person, copartnership, firm, corporation, or company that operates a sawmill or plant engaged in the processing or converting of forest products into lumber, shook, ties, poles, posts, veneer, shakes, shingles, and planed or milled products, shall dispose of flammable material incident to that operation. If such flammable material is not to be used as fuel, or as a byproduct, within the operation, it shall be disposed of by burning or by other alternative methods which effectively prevent the flammable material from constituting a fire hazard.

30.     Under Public Resources Code section 4440, flammable forest product residue may only be accumulated in piles when the area surrounding the piles is cleared and kept clear of all flammable vegetation and debris.

31.     Defendants each breached their duties to exercise the requisite standard of care by:

a.   Failing to design, construct, operate, monitor, inspect, and maintain the subject mill and/or mill operations in a manner that considered and abated foreseeable risk of uncontrollable fires in the area affected by the Mill Fire;

b. Failing to maintain proper clearance for flammable residue;

c. Failing to routinely conduct reasonable, proper, frequent, and timely inspections and/or maintenance of Defendants' mill and operations;

d. Failing to routinely conduct reasonable, proper, frequent, and timely inspections and/or maintenance of the clearance space around flammable residue;

e. Failing to properly train and supervise employees and agents responsible for maintenance and inspections; and/or

f. Failing to implement and/or follow regulations and reasonably prudent practices to avoid dangerous conditions prone to fire ignition.

32.     Furthermore, Defendants' failure to comply with applicable provisions of the Public Resources Code, as alleged herein, is negligence per se. These statutes are aimed at preventing the exact type of harm that Plaintiffs suffered due to Defendants' failure to comply with these statutes

6

and Plaintiffs are within the class of individuals these statutes, orders, and rules were implemented to protect.

33.     The Mill Fire alleged herein was a factual and legal result of Defendants' negligence, including negligence per se.

34.     Defendants' negligence, including Defendants' negligence per se, was a substantial factor in causing Plaintiffs to suffer, and continue to suffer, economic and non-economic damages including, but not limited to, destruction of and/or damage to real and personal property and cherished possessions, loss of use and quiet enjoyment of real and personal property, discomfort, annoyance, inconvenience, anxiety, fear, mental anguish, stress, and emotional distress. Plaintiffs each seek damages to be determined, on an individual basis, according to proof at trial.

35.     Defendants' conduct was despicable falling within both malicious and oppressive definitions of California Civil Code §3294. Defendants' conduct evidences a willful and conscious disregard for the rights and safety of others and subjected Plaintiffs to cruel and unjust hardship. Punitive and exemplary damages must punish Defendants according to proof pursuant §3294. Defendants have a history of despicable conduct, deliberately prioritizing profits over the rights and safety of the public, resulting in catastrophic uncontrollable fires, including the Mill Fire.

### THIRD CAUSE OF ACTION

**PRIVATE NUISANCE**

**(Against all Defendants)**

36.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

37.     At all times relevant, Plaintiffs were the owner of real property in the area of the Mill Fire.

38.     Defendants owed Plaintiffs a duty to conduct their business, which included operation, inspection, and maintenance of their mill and operations, in a manner that did not threaten, harm, or offend Plaintiffs or obstruct Plaintiffs' free use and comfortable enjoyment of their property or pose a fire hazard to their property.

7

39.     Defendants' acts and omissions created a condition and/or permitted a condition to exist that was offensive to one's senses; harmful to one's health; obstructive to the free use of property, so as to interfere with the comfortable enjoyment of life and property; unlawfully obstructed the free passage or use, in a customary manner, of public streets and highways; and an entirely predictable fire hazard to Plaintiffs' property constituting a nuisance pursuant to California Civil Code §3479.

40.     Defendants' conduct that created the above conditions was intentional and unreasonable and/or unintentional but caused by negligence or recklessness in light of apparent risks of catastrophic uncontrollable fires.

41.     The above-referenced conditions substantially interfered with Plaintiffs' use and quiet enjoyment of their property.

42.     The above-referenced conditions also affected a substantial number of individuals concurrently.

43.     An ordinary person would be reasonably annoyed and disturbed by the conditions created by Defendants' acts and omissions and the resulting Mill Fire.

44.     The seriousness of the harm Defendants caused Plaintiffs outweighs any public benefit that Defendants may provide.

45.     Plaintiffs did not consent expressly or impliedly to Defendants' actions and inactions in creating these conditions.

46.     Defendants' actions and inactions in creating these conditions were a factual and legal cause of Plaintiffs suffering damages unique to each Plaintiff - and different from damages suffered by other Plaintiffs - including, but not limited to, destruction of and/or damage to real and personal property and cherished possessions, loss of use and quiet enjoyment of real and personal property, discomfort, annoyance, inconvenience, anxiety, fear, mental anguish, stress, and emotional distress. Plaintiffs each seek damages to be determined, on an individual basis, according to proof at trial.

8

47.     Defendants' conduct was despicable falling within both malicious and oppressive definitions of California Civil Code §3294. Defendants' conduct evidences a willful and conscious disregard for the rights and safety of others and subjected Plaintiffs to cruel and unjust hardship. Punitive and exemplary damages must punish Defendants according to proof pursuant §3294. Defendants have a history of despicable conduct, deliberately prioritizing profits over the rights and safety of the public, resulting in catastrophic uncontrollable fires, including the Mill Fire.

### FOURTH CAUSE OF ACTION

### PUBLIC NUISANCE

### (Against all Defendants)

48.     Plaintiffs incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

49.     At all times relevant, Plaintiffs were the owners, tenants, and/or lawful occupiers of real properties in the area of the Mill Fire. Plaintiffs held a right to occupy, enjoy, and use their property without interference by Defendants.

50.     Defendants owed a duty to the public, including Plaintiffs, to conduct their business, including operation, inspection, and maintenance of mill and operations, in a manner that did not threaten, harm, or offend the public or interfere with public use and comfortable enjoyment of or pose a fire hazard to their property.

51.     Defendants' acts and/or omissions created a condition or permitted a condition to exist that was harmful to health; offensive to the senses; obstructive to the free use of property, interfering with the comfortable enjoyment of life and property; unlawfully obstructed the free passage or use, in a customary manner, of public streets and highways; and an entirely predictable fire hazard to Plaintiffs' property.

52.     Defendants' conduct that created the above conditions was intentional and unreasonable and/or unintentional but caused by negligence or recklessness considering apparent risks of catastrophic uncontrollable fires.

9

1       53.    The above-referenced conditions affected a substantial number of people

2   simultaneously within the general public, constituting a public nuisance pursuant to California

3   Civil Code §§3479 and 3480 and Public Resources Code §§4170 and 1471.

4       54.    Plaintiffs did not consent expressly or impliedly to Defendants' actions and

5   inactions in creating these conditions.

6       55.    An ordinary person would be reasonably annoyed and disturbed by the conditions

7   created by Defendants' conduct and the resulting Mill Fire.

8       56.    The seriousness of the harm Defendants caused Plaintiffs outweighs any public

9   benefit that Defendants may provide.

10       57.    Defendants' unreasonable conduct resulting in the Mill Fire is a factual and legal

11   cause of injury to the public, including Plaintiffs.

12       58.    As a factual and legal result of Defendants' acts and omissions in creating these

13   conditions, Plaintiffs suffered damages different from the type suffered by the general public and

14   unique to each Plaintiff. Specifically, but not limited to, loss of occupancy, possession, use, and

15   enjoyment of their real and personal property due to destruction of and/or damage to such property.

16   Additionally, Plaintiffs have suffered and continue to suffer discomfort, anxiety, fear, annoyance,

17   inconvenience, mental anguish, stress, and emotional distress.  Plaintiffs each seek damages in an

18   amount to be determined, on an individual basis, according to proof at trial.

19       59.    Plaintiffs have standing to maintain an action for public nuisance under Civil Code

20   §3492 because the nuisance is especially injurious to Plaintiffs, as alleged herein.

21       60.    Defendants' conduct was despicable falling within both malicious and oppressive

22   definitions of California Civil Code §3294. Defendants' conduct evidences a willful and conscious

23   disregard for the rights and safety of others and subjected Plaintiffs to cruel and unjust hardship.

24   Punitive and exemplary damages must punish Defendants according to proof pursuant §3294.

25   Defendants have a history of despicable conduct, deliberately prioritizing profits over the rights

26   and safety of the public, resulting in catastrophic uncontrollable fires, including the Mill Fire.

27

28
                                                        10

**PRAYER FOR RELIEF**

Plaintiffs seek the following damages in an amount according to proof at the time of trial:

(1)     General and/or special damages determined on an individual basis according to proof;

(2)     Loss of use, benefit, goodwill, and enjoyment of Plaintiffs' real and/or personal property;

(3)     Loss of wages, earning capacity, goodwill, and/or business profits or proceeds and/or any related displacement expenses;

(4)     Evacuation expenses and alternate living expenses;

(5)     Erosion damage to real property;

(6)     Past and future medical expenses and incidental expenses;

(7)     Damages for personal injury, emotional distress, fear, annoyance, disturbance, inconvenience, mental anguish, and loss of quiet enjoyment of property;

(8)     Attorneys' fees, expert fees, consultant fees, and litigation costs and expenses as allowed under appliable law;

(9)     Prejudgment interest;

(10)    For punitive and exemplary damages against Defendants in an amount sufficient to punish Defendants' conduct and deter similar conduct in the future, as allowed under Public Utilities Code §2106 and all other appliable law; and

(11)    Any and all other and further such relief as the Court shall deem proper, all according to proof.

Dated: September _8_, 2022                      **FRANTZ LAW GROUP, APLC**


By_____
        James P. Frantz
        M. Regina Bagdasarian
        George T. Stiefel
        C. Nikki Morris
        Attorneys for Plaintiffs

11

**JURY DEMAND**

Plaintiffs demand a trial by jury on all causes.

Dated: September 8, 2022                    **FRANTZ LAW GROUP, APLC**

By_____
                                            James P. Frantz
                                            M. Regina Bagdasarian
                                            George T. Stiefel
                                            C. Nikki Morris Attorneys for
                                            Plaintiffs

12

COMPLAINT